**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

WESTERN DIVISION
312 North Spring Street, Room G-8
Los Angeles, CA 90012
Tel: (213) 894-3535

SOUTHERN DIVISION
411 West Fourth Street, Suite 1053
Santa Ana, CA 92701-4516
(714) 338-4750

EASTERN DIVISION
3470 Twelfth Street, Room 134
Riverside, CA 92501
(951) 328-4450

**SHERRI R. CARTER**
District Court Executive and
Clerk of Court

FILED
MAR 1 2 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

March 11, 2008

Clerk, United District Court
4290 Edward J. Schwartz Federal Bldg.
880 Front Street
San Diego, CA  92101

Re:   Transfer of Our Case No. CR 02-00885-CAS
      Assigned Your Case No. '08 CR 7014 IEG
      Case Title: USA v. Eugene Edward Summers

Dear Sir/Madam:

☐   Enclosed are the original and one copy of Probation Form 22, Transfer of Jurisdiction, in the above-entitled matter which has been approved by this court.  Please present them to your court for approval.

Upon approval, please return the **original** to this office and we will send you the necessary documents from our file.  If you assign a case number at this time, please indicate same on the copy of this letter and return that also.

☒   Transfer of probationary jurisdiction to your district having been approved in the above-entitled matter, enclosed are the certified copies of:  1) indictment/information, and 2) judgment and probationary order.

Please acknowledge receipt of these documents on the copy of this letter and return to this district.

Sincerely,

Clerk, U.S. District Court

By Celia Anglon-Reed
Deputy Clerk

cc:   Probation Office, Central District of California
      Probation Office, District of Origin

=================================================================================
**Acknowledgment of Receipt**

Receipt is hereby acknowledged of the enclosures referred to above.

Clerk, U.S. District Court

_____           By _____
Date                                        Deputy Clerk

CR-22 (01/01)                   **TRANSMITTAL LETTER - PROBATION TRANSFER OUT**

**FILED**
MAR 1 2 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY ⎯⎯⎯ DEPUTY

PROB 22
(Rev. 2/88)

**TRANSFER OF JURISDICTION**

DOCKET NUMBER *(Tran. Court)*
02-00885-CAS

DOCKET NUMBER *(Rec. Court)*

| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE | DISTRICT | DIVISION |
|---|---|---|
| Eugene Edward Summers | California | Central |
| | NAME OF SENTENCING JUDGE | |
| | Honorable Christina A. Snyder | |
| | DATES OF PROBATION/ SUPERVISED RELEASE | FROM | TO |

OFFENSE

18 USC 2113(a):   Bank Robbery

'08 CR 7014 IEG

---

**PART 1 - ORDER TRANSFERRING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE     CENTRAL     DISTRICT OF     CALIFORNIA

   IT IS HEREBY ORDERED that, pursuant to 18 U.S.C. 3605, the jurisdiction of the probationer or supervised releasee named above be transferred with the records of this Court to the United States District Court for the     Southern District of California     upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this court.*

2/12/08
Date

Christina A. Snyder
United States District Judge

*This sentence may be deleted in the discretion of the transferring Court.

**PART 2 - ORDER ACCEPTING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE _____ DISTRICT OF _____

   IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

2/26/08
Effective Date

United States District Judge



I hereby attest and certify on 3/11/08 that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

By _____ Deputy



0109



FILED
CLERK, U.S. DISTRICT COURT
AUG 16 2002
CENTRAL DISTRICT OF CALIFORNIA
DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

June 2002 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. CR 02-885 |
| ) | |
| Plaintiff, ) | **I N D I C T M E N T** |
| ) | |
| v. ) | [18 U.S.C. § 2113(a): Bank Robbery] |
| ) | |
| EUGENE EDWARD SUMMERS, ) | |
| ) | |
| Defendant. ) | |

The Grand Jury charges:

COUNT ONE

[18 U.S.C. § 2113(a)]

On or about January 2, 2001, in Los Angeles County, within the Central District of California, defendant EUGENE EDWARD SUMMERS, by force, violence, and intimidation, knowingly took from the person and presence of another approximately $1,359.00 belonging to and in the care, custody, control, management, and possession of Union Bank of California, 120 South San Pedro Street, Los Angeles, California, a bank the deposits of which were then insured by the Federal Deposit Insurance Corporation.

GH:gh

ENTER ON ICMS
AUG 19 2002

1

COUNT THREE

[18 U.S.C. § 2113(a)]

On or about January 16, 2001, in Los Angeles County, within the Central District of California, defendant EUGENE EDWARD SUMMERS, by force, violence, and intimidation, knowingly took from the person and presence of another approximately $3,272.00 belonging to and in the care, custody, control, management, and possession of Bank of America, 600 Wilshire Boulevard, Los Angeles, California, a bank the deposits of which were then insured by the Federal Deposit Insurance Corporation.

A TRUE BILL

_____
Foreperson

DEBRA W. YANG
United States Attorney

JOHN S. GORDON
Assistant United States Attorney
Chief, Criminal Division

LAWRENCE NG
Assistant United States Attorney
Chief, Criminal Complaints

SHARON McCASLIN
Assistant United States Attorney
Deputy Chief, Criminal Complaints

United States District Court
Central District of California

| | |
|---|---|
| **UNITED STATES OF AMERICA vs.** | **Docket No.** CR- 02-00885-GAS |
| **Defendant** EUGENE EDWARD SUMMERS | **Social Security No.** 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 |
| akas: Eugene Sannez; Eugene Sport; Eugene E. Summers, Jr.; Sport Summers; Robert Vega | |
| **Residence & Address** Metropolitan Detention Center 535 N. Alamed Street Los Angeles, CA 90012 | **Mailing Address** SAME |

Priority ✓
Send ✓
Enter ✓
Closed ___
JS-5/JS-6 ___
JS-2/JS-3 ✓
Scan Only ___

## JUDGMENT AND PROBATION/COMMITMENT ORDER

In the presence of the attorney for the government, the defendant appeared in person on this date.

| MONTH | DAY | YEAR |
|---|---|---|
| July | 14 | 2003 |

**COUNSEL** | [x] WITH COUNSEL | Ronald Kaye, DFPD
(Name of Counsel)

**PLEA** | [x] **GUILTY,** and the court being satisfied that there is a factual basis for the plea. | [ ] **NOLO CONTENDERE** | [ ] **NOT GUILTY**

**FINDING** | There being a finding of [x] **GUILTY,** defendant has been convicted as charged of the offense(s) of:

Bank Robbery in Violation of Title 18 United States Code 2113(a), as charged in Count 3 of the Indictment)

**JUDGMENT AND PROB./ COMMITMENT ORDER**

The Court asked whether defendant had anything to say why judgment should not be pronounced. Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that: Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant, Eugene Edward Summers, is hereby committed on Count 3 of the Indictment to the custody of the Bureau of Prisons to be **imprisoned for a term of sixty-three (63) months**. This term shall run concurrently to the undischarged term of 70 months imprisonment imposed in United States District Court, Southern District of California, Docket No. 01-01595.

It is ordered that the defendant shall pay to the United States a special assessment of $100, which is due immediately.

It is ordered that the defendant shall pay restitution in the total amount of $5,381 pursuant to 18 USC 3663A.

The amount of restitution ordered shall be paid as follows:

| Victim | Amount |
|---|---|
| Union Bank of California 120 S. San Pedro St. Los Angeles, CA 90012 Robbery Date: 01/02/01 Robber: Eugene Edward Summers | $1,359 |

I hereby attest and certify on 3-11-08 that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

By _____ Deputy

0109

**United States District Court**
**Central District of California**

| UNITED STATES OF AMERICA | Docket No. CR 02-00885-CAS |
|---|---|
| vs | |
| Defendant EUGENE EDWARD SUMMERS | DATE: JULY 14, 2003 |

## JUDGMENT AND PROBATION/COMMITMENT ORDER

continued from page 1

| Manufacturer's Bank<br>200 S. San Pedro St.<br>Los Angeles, CA 90012<br>Loss No.: 2001-002 | $ 750 |
|---|---|
| Bank of America<br>CA5-701-10-01<br>1455 Market Street<br>10th Floor<br>San Francisco, CA 94103<br>Robbery Date: 01/16/01<br>Robber: Eugene Edward Summers | $3,272 |

If the defendant makes a partial payment, each payee shall receive approximately proportional payment unless another priority order or percentage payment is specified in this judgment.

Nominal monthly payments of at least $100 shall be made during the period of supervised release. These payments shall begin 30 days after the commencement of supervision. Nominal restitution payments are ordered as the court finds that the defendant's economic circumstances do not allow for either immediate or future payment of the amount ordered.

Pursuant to 18 USC 3612(f)(3)(A), interest on the restitution ordered is waived because the defendant does not have the ability to pay interest. Payments may be subject to penalties for default and delinquency pursuant to 18 USC 3612(g).

The defendant shall comply with General Order No. 01-05.

Pursuant to Section 5E1.2(e) of the Guidelines, all fines are waived as it is found that the defendant does not have the ability to pay a fine in addition to restitution.

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of three years to run concurrently with the supervised release term imposed in United States District Court, Southern District of California, Docket No. 01-01595, under the following terms and conditions;

1. The defendant shall comply with the rules and regulations of the U. S. Probation Office and General Order 318;

2. The defendant shall participate in outpatient substance abuse treatment and submit to drug and alcohol testing, as instructed by the Probation Officer. The defendant shall abstain from using illicit drugs, using alcohol, and abusing prescription medications during the period of supervision;

United States District Court
Central District of California

UNITED STATES OF AMERICA
vs

Docket No. CR 02-00885-CAS

Defendant  EUGENE EDWARD SUMMERS

DATE: JULY 14, 2003

**JUDGMENT AND PROBATION/COMMITMENT ORDER**

continued from page 2

3. As directed by the Probation Officer, the defendant shall pay all or part of the costs for defendant's drug treatment/ alcohol treatment/ psychological disorder treatment/ to the aftercare contractor during the period of community supervision, pursuant to 18 USC 3672. The defendant shall provide payment and proof of payment as directed by the Probation Officer;

4. During the course of supervision, the Probation Officer, with the agreement of the defendant and defense counsel, may place the defendant in a residential drug treatment program approved by the United States Probation Office for treatment of narcotic addiction or drug dependency, which may include counseling and testing, to determine if the defendant has reverted to the use of drugs, and the defendant shall reside in the treatment program until discharged by the Program Director and Probation Officer;

5. During the period of community supervision the defendant shall pay the special assessment and the restitution in accordance with this judgment's orders pertaining to such payment; and

6. The defendant shall cooperate in the collection of a DNA sample from the defendant.

Upon motion by the government, Count 1 and 2 of the Indictment are dismissed in the interest of justice. Defendant waived his right to appeal.

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release within this judgment be imposed. The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

☐ This is a direct commitment to the Bureau of Prisons, and the Court has NO OBJECTION should the Bureau of Prisons designate defendant to a Community Corrections Center.

Signed by: U. S. District Judge _Christina A. Snyder_    Dated: _July 17, 2003_
                                CHRISTINA A. SNYDER

It is ordered that the Clerk deliver a copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

Sherri R. Carter, Clerk

Filed Date: _July 17, 2003_    By _Maynor Galvez_
                                  Maynor Galvez, Deputy Clerk

CR-104 (10/02)                JUDGMENT & PROBATION/COMMITMENT ORDER

U.S.A. vs __Eugene Edward Summers__                    Docket No.: __CR 02-00885-CAS__

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall comply with the additional conditions on the attached page(s) pursuant to General Orders 318 and 01-05.

### Statutory Provisions Pertaining to Payment and Collection of Financial Sanctions

The defendant shall pay interest on a fine or restitution of more than $2,500, unless the court waives interest or unless the fine or restitution is paid in full before the fifteenth (15th) day after the date of the judgment pursuant to 18 U.S.C. §3612(f)(1). Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g). Interest and penalties pertaining to restitution, however, are not applicable for offenses completed prior to April 24, 1996.

If all or any portion of a fine or restitution ordered remains unpaid after the termination of supervision, the defendant shall pay the balance as directed by the United States Attorney's Office. 18 U.S.C. §3613.

The defendant shall notify the United States Attorney within thirty (30) days of any change in the defendant's mailing address or residence until all fines, restitution, costs, and special assessments are paid in full. 18 U.S.C. §3612(b)(1)(F).

The defendant shall notify the Court through the Probation Office, and notify the United States Attorney of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution, as required by 18 U.S.C. §3664(k). The Court may also accept such notification from the government or the victim, and may, on its own motion or that of a party or the victim, adjust the manner of payment of a fine or restitution pursuant to 18 U.S.C. §3664(k). See also 18 U.S.C. §3572(d)(3) and for probation 18 U.S.C. §3563(a)(7).

Payments shall be applied in the following order:

1. Special assessments pursuant to 18 U.S.C. §3013;
2. Restitution, in this sequence:
   Private victims (individual and corporate),
   Providers of compensation to private victims,
   The United States as victim;
3. Fine;
4. Community restitution, pursuant to 18 U.S.C. §3663(c); and
5. Other penalties and costs.

### Special Conditions for Probation and Supervised Release

As directed by the Probation Officer, the defendant shall provide to the Probation Officer: (1) a signed release authorizing credit report inquiries; (2) federal and state income tax returns or a signed release authorizing their disclosure and (3) an accurate financial statement, with supporting documentation as to all assets, income and expenses of the defendant. In addition, the defendant shall not apply for any loan or open any line of credit without prior approval of the Probation Officer.

The defendant shall maintain one personal checking account. All of defendant's income, "monetary gains," or other pecuniary proceeds shall be deposited into this account, which shall be used for payment of all personal expenses. Records of all other bank accounts, including any business accounts, shall be disclosed to the Probation Officer upon request.

The defendant shall not transfer, sell, give away, or otherwise convey any asset with a fair market value in excess of $500 without approval of the Probation Officer until all financial obligations imposed by the Court have been satisfied in full.

U.S.A. vs  Eugene Edward Summers        Docket No.:  CR 02-00885-CAS

## STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE

While the defendant is on probation or supervised release pursuant to this judgment:

1. The defendant shall not commit another Federal, state or local crime;
2. the defendant shall not leave the judicial district without the written permission of the court or probation officer;
3. the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5. the defendant shall support his or her dependants and meet other family responsibilities;
6. the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7. the defendant shall notify the probation officer within 72 hours of any change in residence or employment;
8. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;
10. the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12. the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
13. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to conform the defendant's compliance with such notification requirement;
15. the defendant shall not possess a firearm or other dangerous weapon;
16. the defendant shall, upon release from any period of custody, report to the probation officer within 72 hours.

These conditions are in addition to any other conditions imposed by this Judgment.

### RETURN

I have executed the within Judgment and Commitment as follows:

Defendant delivered on _____ to _____

Defendant noted on appeal on _____

Defendant released on _____

Mandate issued on _____

Defendant's appeal determined on _____

Defendant delivered on _____ to _____

at _____, the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

UNITED STATES MARSHAL

DATED: _____    BY: _____

### CERTIFICATE

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

CLERK, U.S. DISTRICT COURT

DATED: _____    BY: _____
                                          , Deputy Clerk

CR-104 (10/02)                JUDGMENT & PROBATION/COMMITMENT ORDER

CLOSED

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
(Western Division - Los Angeles)
CRIMINAL DOCKET FOR CASE #: 2:02-cr-00885-CAS All Defendants

Case title: USA v. Summers

Date Filed: 08/16/2002
Date Terminated: 07/14/2003

Assigned to: Judge Christina A. Snyder

**Defendant**

**Eugene Edward Summers** (1)
*TERMINATED: 07/14/2003*

represented by **Anthony Eaglin**
Federal Public Defender
321 East 2nd Street
Los Angeles, CA 90012-4202
213-894-2854
Email: zzCAC_FPD_Document_Receiving@fd.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or Community Defender Appointment*

**Pending Counts**

None

**Disposition**

**Highest Offense Level (Opening)**

None

**Terminated Counts**

18:2113(a) BANK ROBBERY
(1-2)


18:2113(a) BANK ROBBERY
(3)

**Disposition**

On govt's mot, ct(s) ord dism

Dft comm to custody of B/P for Sixty Three (63) mos. Supv rel for Three (3) yrs under T/C of USPO, GO 318 & GO 01-05. Fines wvd, pay s/a $100, restn in the ttl amt of $5,381

**Highest Offense Level (Terminated)**

Felony

**Complaints**

None

**Disposition**

**Plaintiff**

USA        represented by **Bruce Hamilton Searby**
AUSA - Office of US Attorney
Criminal Div - US Courthouse
312 N Spring St, 12th Floor
Los Angeles, CA 90012-4700
213-894-2434
Email: USACAC.Criminal@usdoj.gov
*TERMINATED: 01/17/2003*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Garth E Hire**
AUSA - Office of US Attorney
Criminal Div - US Courthouse
312 N Spring St, 12th Floor
Los Angeles, CA 90012-4700
213-894-2434
Email: USACAC.Criminal@usdoj.gov
*TERMINATED: 10/03/2002*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jason P Gonzalez**
AUSA - Office of US Attorney
Criminal Div - US Courthouse
312 N Spring St, 12th Floor
Los Angeles, CA 90012-4700
213-894-2434
Email: USACAC.Criminal@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 08/16/2002 | 1 | INDICTMENT filed against Eugene Edward Summers (1) count(s) 1-3 filed by AUSA Garth Hire. Offense occurred in LA. (ej) (Entered: 08/19/2002) |

| | | |
|---|---|---|
| 08/16/2002 | 2 | CASE SUMMARY filed by AUSA Garth Hire, attorney for USA, as to Eugene Edward Summers. Defendant's date of birth: 10/28/64. (ej) (Entered: 08/19/2002) |
| 08/16/2002 | 3 | MEMORANDUM filed by USA as to Eugene Edward Summers. This criminal action, being filed on 8/16/02, was not pending in the U.S. Attorney's Office before December 22, 1998, the date on which U.S. District Judge Nora M. Manella began receiving criminal matters. (ej) (Entered: 08/19/2002) |
| 08/16/2002 | 4 | MEMORANDUM filed by USA as to Eugene Edward Summers. This criminal action, being filed on 8/16/02, was not pending in the U.S. Attorney's Office before November 2, 1992, the date on which U.S. District Judge Lourdes G. Baird began receiving criminal matters. (ej) (Entered: 08/19/2002) |
| 08/16/2002 | 5 | MEMORANDUM filed by USA as to Eugene Edward Summers seeking authority for an investigative action and being filed on 8/16/02, does not relate to, a mtr pending in which Magistrate Judge Patrick J. Walsh was personally involved or on which he was personally consulted while employed in the US Atty's Ofc. (ej) (Entered: 08/19/2002) |
| 08/16/2002 | 6 | MEMORANDUM filed by USA as to Eugene Edward Summers seeking authority for an investigative action and being filed on 8/16/02, does not relate to, a mtr pending in the Major Frauds Section of the US Atty's Ofc before June 30, 2001, the date on which Magistrate Judge Jennifer T. Lum resigned his appt in that ofc; or was personally involved or on which he was personally consulted while employed in the US Atty's Ofc. (ej) (Entered: 08/19/2002) |
| 08/16/2002 | 7 | MEMORANDUM filed by USA as to Eugene Edward Summers seeking authority for an investigative action and being filed on 8/16/02, does not relate to, a mtr pending in the Organized Crime Section of the US Atty's Ofc before September 29, 2000, the date on which Magistrate Judge Stephen G. Larson resigned his appt in that ofc; or was personally involved or on which he was personally consulted while employed in the US Atty's Ofc. (ej) (Entered: 08/19/2002) |
| 08/16/2002 | 8 | MEMORANDUM filed by USA as to Eugene Edward Summers seeking authority for an investigative action and being filed on 8/16/02, does not relate to, a mtr pending in the Narcotic Section of the US Atty's Ofc before April 20, 1999, the date on which Magistrate Judge Jeffrey W. Johnson resigned his appt in that ofc; or was personally involved or on which he was personally consulted while employed in the US Atty's Ofc. (ej) (Entered: 08/19/2002) |
| 09/30/2002 | 9 | MINUTES OF POST-INDICTMENT ARRAIGNMENT HEARING held before Magistrate Judge Paul Game Jr. as to Eugene Edward Summers: Reassigning case to Judge Christina A. Snyder . Eugene Edward Summers (1) count(s) 1-3 arraigned and states true name is as charged. DFPD Attorney Anthony Eaglin appt. First appearance of Eugene Edward |

| | | |
|---|---|---|
| | | Summers entered. Plea not guilty entered by Eugene Edward Summers (1) count(s) 1-3 . Jury trial set for 9:30 am, 11/26/02; status hearing & motion hearing set for 1:30 pm, 11/4/02. Tape No.: 02-40. (sb) (Entered: 10/01/2002) |
| 09/30/2002 | 10 | STATEMENT OF DEFENDANT'S CONSTITUTIONAL RIGHTS filed as to Eugene Edward Summers. (sb) (Entered: 10/01/2002) |
| 09/30/2002 | 11 | FINANCIAL AFFIDAVIT filed as to Eugene Edward Summers. (sb) (Entered: 10/01/2002) |
| 11/04/2002 | 12 | MINUTES OF STATUS CONFERENCE held before Judge Christina A. Snyder as to Eugene Edward Summers: Stat conf held. Trial in this mtr is cont to 1/28/03 @ 9:30am. Dft consents to continuance of trial. A stat conf is sched for 1/13/03 @ 1:30pm. The atty for govt shall prep and lodge an ord re excludable time. C/R: Laura Elias (es) Modified on 11/06/2002 (Entered: 11/06/2002) |
| 01/13/2003 | 13 | MINUTES OF STATUS CONFERENCE held before Judge Christina A. Snyder as to Eugene Edward Summers: Cnsl and dft stipulated to continue the trial to 3/18/03 @ 9:30am to allow defendant to obtain a pre-plea report. Accordingly, the court hereby orders the Probation department to prepare a pre plea report. A further status conference is set on 3/3/03 @ 1:30pm. C/R: Laura Elias (es) (Entered: 01/17/2003) |
| 02/26/2003 | 14 | MINUTES OF IN CHAMBERS - NOTICE TO ALL PARTIES AND ORDER held before Judge Christina A. Snyder as to Eugene Edward Summers: Status conference continued to 1:30 pm, 3/10/03. C/R: None. (sb) (Entered: 02/28/2003) |
| 03/10/2003 | 15 | MINUTES OF STATUS CONFERENCE held before Judge Christina A. Snyder as to Eugene Edward Summers: Status conference continued to 1:30 pm, 3/17/03. Trial remains set for 3/18/03. C/R: Laura Elias. (sb) (Entered: 03/12/2003) |
| 03/17/2003 | 16 | PLEA AGREEMENT filed by USA as to Eugene Edward Summers. (sb) (Entered: 03/18/2003) |
| 03/17/2003 | 17 | MINUTES OF CHANGE OF PLEA HEARING held before Judge Christina A. Snyder as to Eugene Edward Summers : Defendant moves to change plea to the Indictment. Plea of guilty entered by Eugene Edward Summers (1) count(s) 3. The Court questions the defendant regarding plea of guilty and finds it knowledgeable and voluntary and orders the plea accepted and entered. The Court refers Eugene Edward Summers to the Probation Office for investigation and report. Sentencing hearing set for 2:30 p.m., on 7/14/03 for Eugene Edward Summers. C/R: Laura Elias (ca) Modified on 07/18/2003 (Entered: 03/19/2003) |
| 06/20/2003 | 18 | Defendant's Position Re Sentencing filed by Eugene Edward Summers (es) (Entered: 06/24/2003) |

| | | |
|---|---|---|
| 07/10/2003 | 19 | Government's Memorandum Regarding Presentence Report and Recommendation for Defendant Eugene Edward Summers filed by USA (es) (Entered: 07/11/2003) |
| 07/14/2003 | 20 | MINUTES OF SENTENCING held before Judge Christina A. Snyder as to Eugene Edward Summers (1) count(s) 3. Dft comm to custody of B/P for Sixty Three (63) mos. Supv rel for Three (3) yrs under T/C of USPO, GO 318 & GO 01-05. Fines wvd, pay s/a $100, restn in the ttl amt of $5,381. On govt's motion, count(s) 1-2 ordered dismissed in the interest of justice. Eugene Edward Summers waives right to appeal . C/R: Sharyn Bamber (es) (Entered: 07/18/2003) |
| 07/17/2003 | 21 | JUDGMENT AND COMMITMENT issued to U.S. Marshal for Eugene Edward Summers Approved by Judge Christina A. Snyder . Entered on: 7/18/03. (es) (Entered: 07/18/2003) |
| 02/12/2008 | 22 | ORDER RE: TRANSFER OF JURISDICTION filed by Judge Christina A. Snyder as to Defendant Eugene Edward Summers, as to Probationer Eugene Edward Summers. Case transferred to USDC, SOUTHERN DISTRICT OF CALIFORNIA AT SAN DIEGO. (Attachments: # 1 Letter) (ca) (Entered: 02/20/2008) |
| 03/04/2008 | 23 | TRANSMITTAL LETTER RETURNED PROBATION FORM CR 22 sent to Southern District of California at San Diego as to Eugene Edward Summers. (csl) (Entered: 03/05/2008) |

## PACER Service Center

### Transaction Receipt

03/13/2008 11:44:50

| | | | |
|---|---|---|---|
| **PACER Login:** | ud0077 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 2:02-cr-00885-CAS |
| **Billable Pages:** | 3 | **Cost:** | 0.24 |