PROB 12C
(04/08)

August 20, 2008

# UNITED STATES DISTRICT COURT
# FOR THE
# SOUTHERN DISTRICT OF CALIFORNIA

FILED
08 AUG 27 AM 8: 12

Petition for Warrant or Summons for Offender Under Supervision

**Name of Offender:** Eugene Edward Summers (English)          **Dkt No.:** 08-CR-7014-001-IEG
      Charged As: (same)

**Reg. No.:** 94242-012

**Name of Sentencing Judicial Officer:** The Honorable Christina A. Snyder, , Central District of California (CD/CA). (Upon transfer of jurisdiction to the Southern District of California, this case was assigned to the Honorable Irma E. Gonzalez, Chief U.S. District Judge.)

**Date of Sentence:** July 14, 2003

**Original Offense:** 18 U.S.C. §2113(a), Bank Robbery, a Class C Felony.

**Sentence:** 63 months custody to run concurrent to the undischarged term of 70 months imprisonment in SD/CA Docket No. 01-1595-001-W; three years supervised release. (*Special Conditions: See Attached Judgment and Commitment Order.*)

**Type of Supervision:** Supervised Release          **Date Supervision Commenced:** March 30, 2007

**Asst. U.S. Atty.:** John S. Gordon          **Defense Counsel:** Ronald O. Kaye (Appointed)
      (213) 894-4298

**Prior Violation History:** None.

---

## PETITIONING THE COURT

**TO ISSUE A NO-BAIL BENCH WARRANT**

PROB 12C

Name of Offender: Eugene Edward Summers                                August 20, 2008
Docket No.: 08-CR-7014-001-IEG                                                      Page 2

The probation officer believes that the offender has violated the following condition(s) of supervision:

| **CONDITION(S)** | **ALLEGATION(S) OF NONCOMPLIANCE** |
|---|---|
| **(Mandatory Condition)** Not commit another federal, state, or local crime. *(nvl)* | 1. On April 30, 2007, Mr. Summers committed the offense of Robbery, in violation of 211 PC, as evidenced by his guilty plea and conviction in the Superior Court of California, County of San Diego, (Vista Division), Case No. CN228428. |
| | 2. On April 30, 2007, Mr. Summers possessed heroin, in violation of 11350(a) H&S, as evidenced by the San Diego Regional Crime/Incident Report #07-7134. |
| | 3. On April 30, 2007, Mr. Summers possessed hypodermic syringes, in violation of 4140 B&P, as evidenced by the San Diego Regional Crime/Incident Report # 07-7134. |

***Grounds for Revocation:*** As to allegations 1, 2, & 3: The probation officer has read and reviewed the San Diego Regional Officer's Report #07-07134. According to the report, on April 30, 2007, at approximately 9:23 a.m., Mr. Summers entered the California Community Bank in Escondido and presented a demand note to a bank teller that stated: "I have a gun! 100s, 50s, 20s, I will shoot." The bank teller handed Mr. Summers $2,860. The offender then exited the bank. Another bank employee observed Mr. Summers get into a Cadillac in the parking lot and drive toward Valley Parkway. Another bank employee followed the Cadillac and observed Mr. Summers pull over by the curb and then become surrounded by numerous police department units who arrived on the scene. Mr. Summers exited his vehicle and was arrested by an Escondido Police Officer.

Mr. Summer's vehicle was searched and the demand note, the shirt that Mr. Summers wore during the robbery, and a back pack were discovered in the car. Inside the backpack was $2,860, which was the same amount of money, and in the same denominations that were taken from the bank. Also found in the backpack was a brown substance that later tested positive on a portable text kit for heroin, and three hypodermic syringes. (Mr. Summer's also had $118 in his wallet.)

Mr. Summers was identified by the bank teller and another bank employee as the person who took the money from the bank.

Mr. Summers was advised of his Miranda rights and waived those rights. He made a full confession and was cooperative with the Federal Bureau of Investigations (FBI) agent.

Case 3:08-cr-07014-IEG   Document 2   Filed 08/27/2008   Page 3 of 8

PROB 12C

| | |
|---|---|
| Name of Offender: Eugene Edward Summers | August 20, 2008 |
| Docket No.: 08-CR-7014-001-IEG | Page 3 |

On July 2, 2007, Mr. Summers appeared in San Diego, California, Superior Court, Dkt. No. CN228428, and plead guilty to 211 PC, Robbery, with two allegations of 667(a)(1), Priors. On November 16, 2007, Mr. Summers was sentenced to 25 years custody on Count One, 211 PC, Robbery; with five years consecutive custody as to 667(a)(1), Priors; and five years consecutive custody as to 667(a)(1), Priors, for a total sentence of 35 years to life imprisonment.

## VIOLATION SENTENCING SUMMARY

### SUPERVISION ADJUSTMENT

Mr. Summers began supervised release on March 30, 2007, and he reported to the U.S. Probation Office on April 2, 2007. At that time, Mr. Summers was homeless and told his probation officer that he had been staying in hotels and with a friend since his release. He relayed that he obtained a job working full time at Center Glass in Spring Valley while in the half way house. He intended to find a room to rent and did not need an emergency placement at a half way house. On April 5, 2007, Mr. Summers was able to secure a residence at Foundations Sober Living in Lemon Grove, California, which was located close to his employment.

On April 10, 2007, Mr. Summers reported to my office as instructed. Mr. Summers submitted a urine sample and admitted to using heroin on April 8, 2007. The urine sample was subsequently sent off for confirmation and it was later confirmed that Mr. Summers had used heroin.

On April 10, 2007, Mr. Summers was referred to Mental Health Systems (MHS) for an intake assessment and urine testing. Mr. Summers failed to attend his initial intake assessment and first urinalysis test on April 16, 2007. The probation officer spoke with him over the telephone on April 17, 2007. Mr. Summers admitted that he had a serious drug problem and confided that he went to a methadone clinic for three days to help him overcome his addiction to heroin. He said that he did not want to replace his addiction for heroin for an addiction to methadone, so he discontinued going to the methadone clinic. The probation officer was able to reschedule Mr. Summers' intake assessment for the following day, April 18, 2007. Mr. Summers attended his intake assessment and the probation officer spoke at length with his counselor after that appointment and referred the offender for weekly individual counseling sessions, in addition to daily NA meetings. The counselor did not believe that Mr. Summers' addiction warranted the offender being placed in detoxification.

Mr. Summers attended his counseling appointment at MHS on April 25, 2007. The probation officer confirmed his attendance with the counselor, who added that Mr. Summers was very cooperative during the counseling and appeared to be taking positive steps towards staying clean and sober, and remaining law-abiding.

On April 30, 2007, Mr. Summers robbed the California Community Bank in Escondido, California.

Case 3:08-cr-07014-IEG   Document 2   Filed 08/27/2008   Page 4 of 8

PROB 12C

| | |
|---|---|
| Name of Offender: Eugene Edward Summers | August 20, 2008 |
| Docket No.: 08-CR-7014-001-IEG | Page 4 |

The offender did not contact the undersigned after his arrest; however, Mr. Summers was truthful with the arresting agent and the arresting agent contacted the undersigned. The arresting agent relayed that Mr. Summers was cooperative and was arrested without incident and has admitted to robbing the bank. His stated motivation was the need for money to pay outstanding bills; not to obtain money to buy drugs.

## OFFENDER PERSONAL HISTORY/CHARACTERISTICS

The Presentence Report indicates that the instant offense is Mr. Summers' second federal conviction for bank robbery. His prior federal supervision was revoked due to the offender committing a new offense. His probation officer for that period of supervision opined that Mr. Summers may have "wanted to go back home to federal custody." In addition, the arresting case agent for the instant offense also opined that the defendant may have been seeking to "return home" to federal custody when he committed the instant offense for which he is now on supervision. Mr. Summers has 14 other convictions dating back to 1981, and has spent a considerable portion of his life behind bars.

When Mr. Summers met with the undersigned officer, he relayed that he really did not have any family or friends. He added that he was not close to his family and his mother died while he was incarcerated. During the short time was on supervision, he called the probation officer frequently "because he did not have anyone else to talk to."

Although Mr. Summers declined to discuss any history of drug or alcohol abuse during the presentence interview for the instant offense, a 1992 presentence report indicates that Mr. Summers began using illegal substances at age 14, and began using heroin in 1982. The presentence report further indicates that in 1991, Mr. Summers used heroin on a daily basis until approximately three days prior to arrest for bank robbery in 1991.

The undersigned would respectfully refer the Court to the Presentence Report for additional information relating to Mr. Summers.

## SENTENCING OPTIONS
## CUSTODY

**Statutory Provisions:** Upon the finding of a violation, the court may modify the conditions of supervision; extend the term (if less than the maximum authorized term was previously imposed); or revoke the term of supervised release. 18 U.S.C. § 3583(e)(2) and (3).

If the court revokes supervised release, the maximum term of imprisonment upon revocation is 2 year(s). 18 U.S.C. § 3583(e)(3).

**USSG Provisions:** USSG § 7B1.1(b), p.s., indicates that where there is more than one violation of the

Case 3:08-cr-07014-IEG    Document 2    Filed 08/27/2008    Page 5 of 8

PROB 12C

| | |
|---|---|
| Name of Offender: Eugene Edward Summers | August 20, 2008 |
| Docket No.: 08-CR-7014-001-IEG | Page 5 |

conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade. In this case the most serious conduct involves robbery which constitutes a Grade A violation. USSG § 7B1.1(a)(1), p.s.

Upon a finding of a Grade A violation the court shall revoke supervised release. USSG § 7B1.3(a)(1), p.s.

A Grade A violation with a Criminal History Category VI (determined at the time of sentencing) establishes an imprisonment range of 33 to 41 months. USSG § 7B1.4, p.s. However, because the minimum of the imprisonment range exceeds the statutory maximum term, the **adjusted imprisonment range is 24 months**. USSG § 7B1.4(b)(1), p.s.

Pursuant to USSG § 7B1.3(d), p.s., any unpaid portion of restitution shall be ordered to be paid, in addition to the sentence imposed as a result of the revocation. In this case, the offender has not paid $5,381 of the court-ordered restitution.

Finally, if supervised release is revoked and a term of imprisonment is imposed, the court shall order that the term of imprisonment be served consecutively to any sentence of imprisonment the offender may be serving. USSG § 7B1.3(f), p.s.

## REIMPOSITION OF SUPERVISED RELEASE

If supervised release is revoked and a term of imprisonment is imposed that is less than the maximum term of imprisonment imposable upon revocation, the court can reimpose supervised release upon release from custody. The length of such a term shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C. § 3583(h) and USSG § 7B1.3(g)(2), p.s.

In this case, the court has the authority to reimpose a term of <u>3 year(s)</u> supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C. § 3583(b).

## RECOMMENDATION/JUSTIFICATION

Mr. Summers was on supervision for bank robbery. Within the first eight days of his supervised release he began using heroin. Exactly one month from being released from the Bureau of Prisons, he committed another bank robbery offense and has been convicted in the California Superior Court. He is currently serving a 35 year to life sentence at the California Department of Corrections. The most recent bank robbery conviction constitutes his 4th conviction for same, and suggests he is a danger to the community.

PROB 12C

| | |
|---|---|
| Name of Offender: Eugene Edward Summers | August 20, 2008 |
| Docket No.: 08-CR-7014-001-IEG | Page 6 |

If found to be in violation of supervised release, the undersigned recommends that supervised release be revoked, and that Mr. Summers be sentenced to the statutory maximum (24 months), to run consecutive to the sentence he is serving in Case No. CN228428, with no supervision to follow.

**I declare under penalty of perjury that the foregoing is true and correct.**

**Executed on: August 20, 2008**

Respectfully submitted:
KENNETH O. YOUNG
CHIEF PROBATION OFFICER

by *[signature]*
Kelly J. Bonsavage
United States Probation Officer
(619) 409-5108

Reviewed and approved:

*[signature]*
Mary M. Murphy
Supervising U.S. Probation Officer

# VIOLATION WORKSHEET

1. **Defendant:** Summers, Eugene Edward

2. **Docket No. (Year-Sequence-Defendant No.):** 08-CR-7014-IEG

3. **List Each Violation and Determine the Applicable Grade** (*See* USSG § 7B1.1):

   | Violation(s) | Grade |
   |---|---|
   | robbery | A |

4. **Most Serious Grade of Violation** (*See* USSG § 7B1.1(b)) — [ A ]
5. **Criminal History Category** (*See* USSG § 7B1.4(a)) — [ VI ]
6. **Range of Imprisonment** (*See* USSG § 7B1.4(a)) — [*24 months]

   *Pursuant to USSG § 7B1.4(b)(1),p.s.

7. **Unsatisfied Conditions of Original Sentence**: List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (*See* USSG § 7B1.3(d)):

   | | | | |
   |---|---|---|---|
   | Restitution | $5,381 | Community Confinement | |
   | Fine | $ | Home Detention | |
   | Other | | Intermittent Confinement | |

**THE COURT ORDERS:**

__X__ A NO-BAIL BENCH WARRANT BE ISSUED BASED UPON A FINDING OF PROBABLE CAUSE TO BRING THE OFFENDER BEFORE THE COURT TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED FOR THE ALLEGED VIOLATIONS.

(Currently detained at Lancaster State Prison under California Department of Corrections (CDC) No. F98730.)

_____ Other _____

_____        _____
The Honorable Irma E. Gonzalez                           8/22/08
Chief U.S. District Judge                                 Date

kjb/kjb
EOA